[No. 22317. Department One. August 19, 1930.]

E. H. SHERMAN, *Respondent*, v. GEORGE NILSON, *Appellant.*[2]

*John F. Arken*, for appellant.

TOLMAN, J.—This is an action in replevin, tried to the court sitting without a jury, which resulted in a judgment awarding to the plaintiff a certain automobile, which was the subject of the action, impressed with a lien in the defendant's favor for $199.54. The defendant has appealed.

It appears that respondent, being in possession of an automobile which he held on a conditional sales contract exchanged it, subject to the conditional sales agreement, for one owned by the appellant, agreeing to pay a difference. Shortly after the exchange, the re-

[1]Reported in 290 Pac. 429.
[2]Reported in 290 Pac. 693.

spondent conceived that he had been induced by false and fraudulent misrepresentations to make the exchange and, in a personal conversation with the appellant, sought a rescission of the exchange and a return to him of the car which he originally possessed.

He testified to a conversation and an oral agreement between the parties to rescind the transaction, and that, in accordance with the terms of the understanding, he returned the car which he had received to the appellant's place of business; but the appellant being then absent, he did not at that time obtain the possession of his original car. Afterwards he saw the appellant personally, demanded his car, which demand was refused, and thereupon he brought this action.

Appellant, of course, denies that any misrepresentations were made, and he also denies that he entered into an agreement to rescind the exchange, but not in a manner wholly satisfactory or convincing. He admits the return of the car which was originally his, and though he says that he telephoned a refusal to accept it, he did, thereafter, take it into his possession and keep it. At the time the action was brought, the appellant had both cars in his possession.

At some time after the exchange was made, the appellant paid the balance due on the conditional sales contract covering the car received in the exchange from the respondent. The amount so paid is secured. to him by the judgment of the trial court, making it a lien on the car, and the only real issue here is one of fact, namely: did the parties agree to a rescission of the contract to exchange cars?

The trial court found that they did, and, after a study of the testimony, we find that it does not preponderate against that finding. In fact, we think it so far preponderates in favor of it as to be reasonably convincing.

The judgment is therefore affirmed.

MITCHELL, C. J., PARKER, MILLARD, and BEALS, JJ., concur.